IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ALBERT RUSSELL CLAY, ) | C/A 9:08-1369-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| COUNTRYWIDE HOME LOANS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case has been filed by the Plaintiff, pro se, pursuant to "28 U.S.C. § 1332(a)(c)(1)" [diversity jurisdiction] and "15 U.S.C. § 1692" [part of the Fair Debt Collections Practices Act (FDCPA)] see Court Docket Nos. 1, 18. The Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., on June 4, 2008.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending this case. After receiving an extension of time to reply, the Plaintiff filed a document styled "Plaintiff's Motion for Summary Judgment" on August 21, 2008, in which Plaintiff both responds to the Defendant's motion as well as seeks summary judgment on his claims. Plaintiff also on that same date filed a motion to "Add Necessary Defendant and Co-defendant", as well as a motion requesting "Removal of Action from State Court", and referencing a state court foreclosure action that had been filed against him.

The Defendant filed a response in opposition to Plaintiff's motion for summary



1

judgment on September 3, 2008, and a response in opposition to Plaintiff's motions to amend his complaint and to remove the state court action on November 3, 2008.

These motions are now before the Court for disposition.[1]

## Discussion

Plaintiff alleges that he has a mortgage loan with the Defendant, on which the Defendant is apparently attempting to collect. Plaintiff alleges three causes of action against the Defendant. First, Plaintiff alleges the Defendant unlawfully took his money and applied it to someone else's mortgage, refusing to apply his funds to his mortgage account (First Cause of Action). Plaintiff alleges that this has resulted in funds not being properly applied to his mortgage, giving rise to the Defendant's continuing to "call and harass the Plaintiff for more monies", in violation of the FDCPA. Plaintiff also alleges that the Defendant has "knowingly enjoined bank fraud and identity theft" (Second Cause of Action), by refusing to refund money which should have been refunded, by wrongfully taking Plaintiff's money (apparently out of his bank account), and by pursuing a collection action against him, again in violation of the FDCPA. Finally, Plaintiff alleges that the Defendant has "created a scheme of denyability in their collections department designed to deny Plaintiff an adequate record to redress his claims by continuing use of false information . . ." in violation of the FDCPA (Third Cause of Action). Plaintiff seeks monetary damages, as well as that a preliminary injunction be issued under the FDCPA. see Court Document No. 18.[2]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The parties have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]Plaintiff apparently believes diversity jurisdiction is required for him to sue the Defendant
(continued...)



2

Defendant notes that Plaintiff specifically alleges that the Defendant is the holder of his loan and has the ultimate responsibility for the supervision of his loan; Complaint, p. 2; and asserts that it is entitled to dismissal of this case because the FDCPA does not apply to creditors trying to collect their own debts, and therefore it cannot be held liable under the FDCPA. The undersigned is constrained to agree. The FDCPA applies only to "debt collectors" as that term is defined in the statute, and creditors, mortgagors, and mortgage servicing companies are not debt collectors under the FDCPA and are therefore exempt from liability under the FDCPA. see Scott v. Wells Fargo Home Mortgage, Inc., 326 F.Supp.2d 719, 717-718 (E.D.V. 2003)[Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are exempt from liability under the FDCPA]; Davis v. Dillard Nat'l Bank, No. 02-546, 2003 WL 21297331, at * 4 (M.D.N.C. June 4, 2003)["Crediting institutions, such as banks, are not debt collectors under [the FDCPA] because they collect their own debts and are in the business of lending money to consumers"].

Defendant also points out that Plaintiff does not allege, nor is there any evidence to show, that it regularly collects debts or attempts to collect debts owed to other parties. see 15 U.S.C. § 1692a(6)[FDCPA only applies to those who "regularly collect or attempt to collect debts owed or are due or asserted to be owed or due another"]. While the FDCPA does apply to creditors who, in the process of collecting their own debts, use other names that would indicate that a third person is collecting or attempting to collect the debts; see 15 U.S.C. § 1692a(6); Plaintiff does not allege that the Defendant is attempting to collect a debt from the Plaintiff using names that would indicate that

---

[2](...continued)
under the FDCPA, as he cites the diversity statute as the basis for jurisdiction for his claims. However, a lawsuit filed under the FDCPA is properly brought in federal court under federal question jurisdiction, not diversity jurisdiction. see 28 U.S.C. § § 1332 and 1441. Therefore, the Plaintiff does not need diversity jurisdiction to pursue his claims in this Court.

3

a third person was collecting or attempting to collect his debt.

In his "motion for Summary Judgment" filed in opposition to the Defendant's motion to dismiss, Plaintiff argues that the Defendant should be deemed to be a "debt collector", citing to an Exhibit (Exhibit G to Plaintiff's motion), which appears to be a collection letter sent to Plaintiff by the Defendant. Plaintiff asserts that the loss prevention number provided in that collection letter, and that he is to call to "review [his] situation", identifies the Defendant as a "debt collector". However, the question is not whether the Defendant is a "debt collector" in the sense that it is trying to collect a debt owed to it by the Plaintiff. Rather, the question is whether the Defendant is a "debt collector" as that term is defined by the FDCPA, thereby making it subject to suit under that statute. After careful review of Plaintiff's pleadings, the undersigned is constrained to agree with the Defendant that, by the Complaint's own terms and allegations, the Defendant is a creditor trying to collect its own debt, and does not therefore fall withing the jurisdiction of the Fair Debt Collection Practices Act for purposes of this lawsuit. Scott, 326 F.Supp.2d at 717-718; Davis, 2003 WL 21297331, at * 4.

## Conclusion

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered



4

pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); see Nzongola v. Crisis Ministries, No. 06-1807, 2006 WL. 3759815, at * 2 (D.S.C. Dec. 18, 2006)[[I]t is not . . . proper to assume that [the] Plaintiff [ ] can prove facts that [ ] he has [ ] not alleged or that the Defendants have violated the . . . law [ ] in ways that have not been alleged"], quoting Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994), quoting Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). For the reasons set forth hereinabove, such is the case here.

Therefore, based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted,** that the Plaintiff's motion for summary judgment be **denied,** and that this case be dismissed, with prejudice.[3]

The parties are referred to the Notice Page attached hereto.

December 19, 2008
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

---

[3]Plaintiff also has pending motions for a preliminary injunction, as well as the previously mentioned motions to "Add Necessary Defendant and Co-Defendant" and that his foreclosure action be removed from state court. If the court adopts the recommendation set forth hereinabove, these motions will be moot, as the case will be dismissed.

5



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



6